Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **Brian W. Shaw**
**Latisha Shaw**

Case No..: **17-34064**
Judge: **JKS**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☑ Original
☐ Motions Included

☐ Modified/Notice Required
☐ Modified/No Notice Required

Date: **12/27/2017**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **DAA**    Initial Debtor: **BWS**    Initial Co-Debtor **L S**

### Part 1: Payment and Length of Plan

a. The debtor shall pay **227.00 Monthly** to the Chapter 13 Trustee, starting on December 1, 2017 for approximately 60 months.

    b.  The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

    c.  Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☑ Loan modification with respect to mortgage encumbering property: 6 Valley Road, Randolph, New Jersey 07869
  Description: Mortgage Loan Modification with Shellpoint - capitalization of arrears into new principal balance
  Proposed date for completion: March 31, 2018

- ? Loan Modification of mortgage encumbering property situated at 16-22 Polk Avenue, Dover, NJ 07801
  Mortgage Loan Modification with Citibank - Capitalization of arrears into new principal balance
  Proposed Date for Completion: March 31, 2018

    d.  ☐  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e.  ☐  Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     **X NONE**

    a.  Adequate protection payments will be made in the amount of $\_\_\_\_ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to \_\_\_\_ (creditor).

    b.  Adequate protection payments will be made in the amount of **$2,200.00** to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: **Shellpoint Mortgage Servicing** (creditor).

    c.  Adequate protection payments will be made in the amount of **$1,600.00** to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: **Citibank** (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

  a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Ast & Schmidt, P.C.** | **Attorneys Fees** | **$1,000** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
  Check one:
  ☑ None
  ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

a. **Curing Default and Maintaining Payments on Principal Residence:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Shellpoint Mortgage Servicing | 6 Valley Road Randolph, NJ 07869 | $310,000 | 0.00 | 0.00* | $3200 |

\* Arrears shall be capitalized into a new principal balance pursuant to a mortgage loan modification agreement

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Citibank | 16-22 Polk Ave., Dover, NJ 07801 | $254,000 | 0.00 | 0.00* | $2449 |

* Arrears shall be capitalized into a new principal balance pursuant to a mortgage loan modification agreement

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| Capital One Auto Finance |
| Ocwen Loan Servicing |

**g. Secured Claims to be Paid in Full Through the Plan** ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |
|  |  |  |

## Part 5:  Unsecured Claims        X NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☑ Not less than **100** percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:  Executory Contracts and Unexpired Leases        X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7:  Motions    ? NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J.**

**LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**Part 8: Other Plan Provisions**
    a. **Vesting of Property of the Estate**
        ☑ Upon Confirmation
        ☐ Upon Discharge

    b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification   ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|   |   |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

 The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

   I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date   **December 27, 2017**         /s/ David A. Ast
                                     **David A. Ast**
                                     Attorney for the Debtor
Date:  **December 27, 2017**         /s/ Brian W. Shaw
                                     **Brian W. Shaw**
                                     Debtor

Date:  **December 27, 2017**         /s/ Latisha Shaw
                                     **Latisha Shaw**
                                     Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

| | | |
|---|---|---|
| Date | **December 27, 2017** | /s/ David A. Ast |
| | | **David A. Ast** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| | | |
|---|---|---|
| Date: | **December 27, 2017** | /s/ Brian W. Shaw |
| | | **Brian W. Shaw** |
| | | Debtor |
| Date: | **December 27, 2017** | /a/ Latisha Shaw |
| | | **Latisha Shaw** |
| | | Joint Debtor |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                          Case No. 17-34064-JKS
Brian W. Shaw                                                                   Chapter 13
Latisha Shaw
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-2            User: admin              Page 1 of 2          Date Rcvd: Dec 28, 2017
                                Form ID: pdf901         Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 30, 2017.
```
db/jdb         +Brian W. Shaw,    Latisha Shaw,    6 Valley Road,    Randolph, NJ 07869-2920
lm             +Shellpoint Mortgage Servicing,     PO BOX 51850,    Livonia, MI 48151-5850
517201549      +AHS Hospital Corp,    c/o Anthony J. Iler,    Richard W. Krieg, LLC,    17 Prospect Street,
                 Morristown, NJ 07960-6862
517201550      +Anesthesia Associates of Morristown,     Attn: GEM Recovery Systems,
                 99 Kinderkamack Road Suite 308,    Westwood, NJ 07675-3021
517201551      +CACH LLC/MBNA America NA,    Attn: Federated Law Gropu PLLC,    887 Donald Ross Road,
                 Juno Beach, FL 33408-1611
517201553       Citimortgage,    c/o KML Law Group, P.C.,    216 Haddonfield Ave., Suite 401,
                 Randolph, NJ 07869
517201554      +Citimortgage,    P.O. Box 183040,    Columbus, OH 43218-3040
517201556      +Laboratory Corp. of America,     Attn: American Medical Collection Agency,
                 4 Westchester Plaza, Ste. 110,    Elmsford, NY 10523-1615
517201557      +Lawrence C. Antonucci, MD, LLC,    415 Route 24, Ste. E,    Chester, NJ 07930-2920
517201558      +MedLabs Diagnostics,    85 Horsehill Rd.,    Cedar Knolls, NJ 07927-2003
517201559      +Michael Lockette,    6 Valley Road,    Randolph, NJ 07869-2920
517201562      +Morris County Dental,    15 Commerce Blvd., Ste. 201,    Succasunna, NJ 07876-1343
517201561      +Morris County Dental,    Attn: IC System, Inc.,    PO Box 64378,    Saint Paul, MN 55164-0378
517201563      +Morristown EMA,    PO Box 6312,    Parsippany, NJ 07054-7312
517201564      +Morristown Medical Center,    PO Box 35610,    Newark, NJ 07193-5610
517201565       Ocwen Loan Servicing,    PO Box 785056,    Orlando, FL 32878-5056
517201567      +Quest Diagnostics,    Attn: Credit Collection Services,    725 Canton St.,
                 Norwood, MA 02062-2679
517201566      +Quest Diagnostics,    PO Box 740985,    Cincinnati, OH 45274-0985
517201569       Shellpoint Mortgage Servicing,    PO Box 10826,    Greenville, SC 29603-0826
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Dec 28 2017 22:54:06      U.S. Attorney,   970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 28 2017 22:54:03      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517201548      +E-mail/Text: mreed@affcollections.com Dec 28 2017 22:54:08      Accurate Collection Services,
                 17 Prospect St.,    Morristown, NJ 07960-6862
517214802      +E-mail/PDF: acg.acg.ebn@americaninfosource.com Dec 28 2017 22:50:49
                 Capital One Auto Finance, a division of Capital On,    AIS Portfolio Services, LP,
                 P.O. Box 165028,    Irving, TX 75016-5028
517201552      +E-mail/Text: bankruptcy@certifiedcollection.com Dec 28 2017 22:53:48
                 Certified Credit & Collection Bureau,    PO Box 336,    Raritan, NJ 08869-0336
517201555      +E-mail/Text: cio.bncmail@irs.gov Dec 28 2017 22:53:32      Internal Revenue Service,
                 Centralized Insolvency Operation,    PO Box 7346,    Philadelphia, PA 19101-7346
517201560      +E-mail/Text: collect@williamsalexander.com Dec 28 2017 22:53:43      Slobodan J. Miric, MD,
                 c/o Williams, Alexander, & Associates,    1479 Route 23 South,    Wayne, NJ 07470-7507
                                                                                              TOTAL: 7
```

```
                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517201568       Regional Cancer Associates-Morristown,    25 Main Street, Ste. 601
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 30, 2017                                 Signature:  /s/Joseph Speetjens

```
District/off: 0312-2              User: admin              Page 2 of 2              Date Rcvd: Dec 28, 2017
                                  Form ID: pdf901          Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 27, 2017 at the address(es) listed below:

```
              David A. Ast    on behalf of Joint Debtor Latisha  Shaw david@astschmidtlaw.com,
               info@astschmidtlaw.com;robert@astschmidtlaw.com;astecf@gmail.com
              David A. Ast    on behalf of Debtor Brian W. Shaw david@astschmidtlaw.com,
               info@astschmidtlaw.com;robert@astschmidtlaw.com;astecf@gmail.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    CitiBank, N.A. rsolarz@kmllawgroup.com
              Robert L. Schmidt    on behalf of Debtor Brian W. Shaw robert@astschmidtlaw.com,
               info@astschmidtlaw.com;david@astschmidtlaw.com
              Robert L. Schmidt    on behalf of Joint Debtor Latisha  Shaw robert@astschmidtlaw.com,
               info@astschmidtlaw.com;david@astschmidtlaw.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 7
```