| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for CITIBANK, N.A. | **Order Filed on June 20, 2018 by<br>Clerk U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Brian W. Shaw, Latisha Shaw,<br><br>Debtor. | Case No.: 17-34064 JKS<br>Adv. No.:<br>Hearing Date: 2/8/18 @9:00 a.m.<br><br>Judge: John K. Sherwood |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: June 20, 2018**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:     Brian W. Shaw, Latisha Shaw
Case No.:   17-34064 JKS
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, CITIBANK, N.A., holder of a mortgage on real property located at 16-22 Polk Avenue, Dover, NJ, 07801, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Robert L. Schmidt, Esquire, attorney for Debtor, Brian W. Shaw and Latisha Shaw, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the Court's loss mitigation order;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by date set forth in the LMP order, or as extended by an order extending loss mit or a modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to pre- or post-petition arrears in the event a loan mod is unsuccessful;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.