**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1

Robert L. Schmidt (RS5795)
AST & SCHMIDT, P.C.
PO Box 1309
222 Ridgedale Avenue
Morristown, NJ 07962-1309
973-984-1300
robert@astschmidtlaw.com
Attorneys for the Debtors

Order Filed on January 18, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re:<br><br>BRIAN W. SHAW<br>and LATISHA SHAW<br><br>          Debtors. | Case No. 17-34064 (JKS)<br><br>Chapter 13<br><br>Honorable John K. Sherwood<br><br>Hearing Date: N/A |

**ORDER AUTHORIZING DEBTORS TO ENTER INTO PERMANENT MORTGAGE**
**MODIFICATION AGREEMENT WITH SHELLPOINT MORTGAGE SERVICING**

    The relief set forth on the following page, numbered two (2)
is hereby **ORDERED**.

**DATED: January 18, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

Case 17-34064-JKS   Doc 89   Filed 01/18/19   Entered 01/18/19 14:25:24   Desc Main
Document     Page 2 of 10

Page 2

| | |
|---|---|
| **Debtors:** | **BRIAN W. SHAW AND LATISHA SHAW** |
| **Case No.:** | **17-34064 (JKS)** |
| **Caption of Order:** | **ORDER AUTHORIZING DEBTORS TO ENTER INTO PERMANENT MORTGAGE MODIFICATION AGREEMENT WITH SHELLPOINT MORTGAGE SERVICING** |

This matter being opened to the Court upon the application by AST & SCHMIDT, P.C., attorneys for debtors, Brian W. Shaw and Latisha Shaw ("Debtors"), for entry of an order authorizing the Debtors to enter into a permanent mortgage loan modification agreement ("Modification Agreement") with mortgage servicer, Shellpoint Mortgage Servicing ("Shellpoint") and notice having been given to Shellpoint, secured creditors, and the standing chapter 13 trustee ("Trustee"); and for cause shown;

It is hereby:

**ORDERED**, that the Debtors and Shellpoint are hereby authorized to enter into a Modification Agreement in the form annexed hereto as Exhibit A; and it is further

**ORDERED**, that a copy of this Order shall be served upon counsel for Shellpoint, secured creditors, parties having filed a notice of appearance, and the Trustee within seven (7) days from entry thereof; and it is further

**ORDERED**, that, within twenty (20) days from service of the Order by Debtor counsel, Shellpoint shall consummate the Modification Agreement by returning a fully executed copy to Debtor counsel; and it is further

**ORDERED**, that, within sixty (60) days from entry of the within Order, Shellpoint shall amend the arrearage portion of its Proof of Claim filed on April 9, 2018 (Claim No. 13 on the Claims Register filed on behalf of mortgagee, MTGLQ Investors, L.P.), to zero, or withdraw said Proof of Claim; and it is further

Page 3
Debtors:              BRIAN W. SHAW AND LATISHA SHAW
Case No.:             17-34064 (JKS)
Caption of Order:     ORDER AUTHORIZING DEBTORS TO ENTER INTO
                      PERMANENT MORTGAGE MODIFICATION AGREEMENT
                      WITH SHELLPOINT MORTGAGE SERVICING

**ORDERED**, that the Debtors have twenty (20) days from Shellpoint's withdrawal or amendment of the Proof of Claim to file Amended Schedules I and J and a modified plan, if necessary; and it is further

**ORDERED**, that the Court shall retain jurisdiction to enforce any provisions of this Order.

# Exhibit A

# AST & SCHMIDT, P.C.

222 RIDGEDALE AVENUE, P.O. BOX 1309, MORRISTOWN, N.J. 07962-1309

ATTORNEYS AT LAW
Robert L. Schmidt Esq.

TEL: (973) 984-1300
FAX: (973) 984-1478
robert@astschmidtlaw.com

December 21, 2018

Loan Modification Department
Shellpoint
55 Beattie Place, Suite 110
Greenville, SC 29601

Re:  Brian W. Shaw and Latisha Shaw
     Loan No.: 0578204888
     Property: 6 Valley Road, Randolph Township, New Jersey 07869

Dear Shellpoint Representative:

This firm represents the Borrowers, Brian and Latisha Shaw, in connection with the above-referenced loan.

Enclosed herewith please find 2 original executed copies of the Permanent Loan Modification.  Kindly forward to me a fully executed copy of the modification.  The Borrowers will make the first payment on or before January 1, 2019.

Please be advised that the Borrowers are also seeking approval of the Modification Agreement from the Bankruptcy Court.

Please do not hesitate to contact me should you have questions

                          Very truly yours,

                          AST & SCHMIDT, P.C.

                          By: _____
                              ROBERT L. SCHMIDT

RLS:nm
Enclosures

cc:  Mr. and Mrs. Brian W. Shaw

Z:\DAA Data\Data\CHAP13\Shaw, B&L\Loan Mod Transmittal.181221

Upon recording return to:
Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 (MS 157)
Greenville, SC 29601
Telephone: 866-825-2174
Loan Number: 0578204888
NMLS #: 3013

[Space Above This Line For Recording Data]

# MODIFICATION AGREEMENT

Borrower ("I"): Brian W Shaw and Latisha Shaw

Lender or Servicer ("Lender"): Shellpoint Mortgage Servicing ("Shellpoint")

Date of mortgage, deed of trust, or security deed ("Mortgage") and Note: 08/21/2006

Loan Number: 0578204888

Property Address ("Property"): 6 Valley Road, Randolph Township, NJ 07869

If my representations and covenants in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return the original versions of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

    B. The Property has not been condemned.

    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

    D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Modification Program ("Program")).

    E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

    F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so.

    G. I have made or will make all payments required under a Trial Period Plan.

    H. I/We, Brian W Shaw and Latisha Shaw, may receive a discharge in a bankruptcy proceeding after signing the Note and Mortgage/Deed of Trust. I and the Lender acknowledge and agree that this Agreement is not an attempt to collect, recover, enforce, or offset this indebtedness against me personally, does not affect the discharge of my personal liability, and shall not be construed as a waiver of the discharge or an attempt to revive personal liability for this indebtedness. I understand that I am not obligated to enter into this Agreement and that I am entering into this Agreement voluntarily and with no coercion or pressure from the Lender, for the sole purpose of retaining the Property. I and the Lender acknowledge and agree that the Mortgage/Deed of Trust is an enforceable lien on the Property, that this Agreement shall not prejudice the lien in any way, and that the Lender's sole recourse is the enforcement of its lien on the Property and any action which may exist in relation to the Property itself.

---

1 If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.




2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents.

   B. The Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date, as set fourth in Section 3, has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 01/01/2019 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a Trial Period Plan, this modification will not take effect. The first modified payment will be due on 01/01/2019.

   A. The Maturity Date will be 09/01/2036.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $685,126.91 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C. $340,126.91 of the New Principal Balance shall be forgiven (the "Principal Forgiveness") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Principal Forgiveness shall be referred to as the Interest Bearing Principal Balance and this amount is $345,000.00. Interest at the rate of 7.375% will begin to accrue as of 12/01/2018 and the first new monthly payment will be due on 01/01/2019. My payment schedule for the modified Loan is as follows:

| Number of Monthly Payments | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 213 | 7.375% | 12/01/2018 | $2,909.15 | $777.33 May adjust periodically | $3,686.48 May adjust periodically | 01/01/2019 |

*The escrow payments may be adjusted periodically in accordance with applicable law; therefore, my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that if I have a pay option adjustable rate mortgage loan, upon modification the minimum monthly payment option, the interest-only, or any other payment options will no longer be offered. The monthly payments, as described in the above payment schedule for my modified Loan, will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

   D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

   E. If a default rate of interest is permitted under the Loan Documents, then in the event of default, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I understand and acknowledge that:

   A. All persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased, (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the Divorce Decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents), or (iii) the Lender has waived this requirement in writing.

B. This Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. I must comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. 

D. This Agreement constitutes notice that the Lender's waiver as to payment of escrow items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. The Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. As of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. As of the Modification Effective Date, the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. As of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about

account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N.  If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.  The mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P.  If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

~~Space Below for Corporate Acknowledgement~~

Brian W Shaw _____ (Seal) _12-21-18_ (Date)

Latisha Shaw _____ (Seal) _12-21-18_ (Date)

Signed, acknowledged and delivered in the presence of:

Witness _____ (Seal)
Witness _____ (Seal)

State of ___NEW JERSEY___

County of ___MORRIS___

I certify that the following person(s) _BRIAN SHAN_ and _LATISHA SHAN_ personally appeared before me this _21st_ day of _DECEMBER 20 18_, and [✓] I have personal knowledge of the identity of the principal(s), [✓] have seen satisfactory evidence of the principal's identity, by a current state or federal identification evidence of the principal's identity photograph in the form of a _DRIVERS LICENSE (NJ)_, or [ ] credible witness has sworn to the identity of the principal(s); each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:

Witness my hand and official seal, this _21_ day of _December_, 20 _18_.

Notary Signature _____ (Seal)

Witness _____ (Seal)

Typed/Printed Name: _Natasha L Moore_

Notary Public, State of: _New Jersey_                    (Official Seal)

(VA Notaries) Reg. No.: _____

My Commission Expires: _February 10 2022_

NATASHA L. MOORE
A Notary Public of New Jersey
My Commission Expires February 10, 2022

Space Below this Line for Corporate Acknowledgement

**Authorized Signer** (Lender)**Title** _____ (Seal)

Signed, acknowledged and delivered in the presence of:

State of _____

County of _____

I certify _____ personally appeared before me this _____ day of _____, 20__ and acknowledged that he or she is an authorized signer for New Penn Financial dba Shellpoint Mortgage Servicing. I have personal knowledge of the identity of said officer, acknowledging to me that he or she voluntarily signed the foregoing document on behalf of the corporation for the purposes stated therein and in the capacity indicated.

Witness my hand and official seal, this _____ day of _____, 20__.

**Notary Signature** _____ (Seal)

Witness _____ (Seal)

Typed/Printed Name: _____    (Official Seal)

Notary Public, State of: _____

(VA Notaries) Reg. No.: _____

My Commission Expires: _____

Loan Number: 0578204888
MODIFICATION AGREEMENT              (page 5 of 5 pages)

P9BO9300200027 I000505 S-SFRECS20 L-1028 A-0578204888